UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH SHAWN BAGGETT,

    Petitioner,

v.

WARDEN WOODRING,

    Respondent.

Case No. C05-5546FDB

REPORT AND RECOMMENDATION TO TRANSFER CASE TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Noted for February 17, 2006

    This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrates Rules MJR 3 and 4. Petitioner in this action is seeking federal *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Petitioner has been granted leave to proceed *in forma pauperis* pursuant to a court order dated the same date herewith.

## DISCUSSION

    Petitioner currently is incarcerated at the Federal Bureau of Prisons' ("BOP") Federal Correctional Institution ("FCI"), located Lompoc, California. While it appears that petitioner was sentenced by this Court (see C03-5497RBL), he is not challenging the sentence as imposed by the presiding judge, but rather certain actions he alleges were taken by the BOP to deny him good time credits and the effect those actions has had on the length of his sentence.

    In addition, it seems that jurisdiction over petitioner's petition more properly resides with the United

REPORT AND RECOMMENDATION
Page - 1

States District Court for the Central District of California. See Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005) (jurisdiction attaches where warden of institution in which petitioner is incarcerated is named as respondent, and petition is filed in district where petitioner is imprisoned).  Accordingly, this action should be transferred to the United States District Court for the Central District of California.

CONCLUSION

Because jurisdiction over this matter more properly lies in the Central District of California, the undersigned recommends the Court transfer this action to the United States District Court for the Central District of California.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **February 17, 2005**, as noted in the caption.

DATED this 23rd day of January, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2